Deaderick, J.,
delivered the opinion of the Court.
The question in this case is, whether a note executed in the name of a firm by one. of the partners, after the dissolution, will bind the other, who was a secret or dormant ' partner, when no notice was given of the dissolution? The Court below held that a secret or dormant partner was bound to the customers of the firm until notice was given of the dissolution, and that a note executed by the other partner after dissolution, but before the notice, was binding.
*195 It is conceded that in an ordinary partnership, where the parties are known, that after dissolution, a note executed by one partner, in the absence of express authority, does not hind the other, unless he is -held bound by reason that he is still holding himself out as partner. This is upon the principle, that during the existence of the partnership, the partners are the agents of each other, and within the scope of the partnership business they have the power to bind each other by contracts of this character. After the dissolution of the partnership, however, this authority to act for each other ceases, the contract between them having, ceased to exist. In such case a note executed by one ^partner only binds the partner executing it— the others, however, may be held bound for the original debt, provided it be not extinguished by the acceptance of the note of one — and this depends upon the agreement or understanding of the parties.
It is urged, that in the cáse of a dormant partner — unless notice of the dissolution was given to the creditor accepting the note, that the dormant partner will be bound. The notice of the dissolution is not important in a case of this character. The principle which makes it important in other eases to give notice of dissolution is this — When one holds himself out as a partner of another, he may be held liable as such, when in fact no such partnership existed. So when a partnership is once known to exist, but is secretly dissolved, without notice to their customers, they may be held liable for the acts of each as partners, upon the principle that they are still holding *196 themselves' to the world as partners. But this cam have no application to the case of a dormant partner. The public never having been informed of the existence of the partnership, need not he notified of its dissolution. It is impossible that the public shall be misled by the failure to give notice of the dissolution of a partnership, the existence of which they were never informed. It is the fact of the actual existence of the partnership, that in such cases makes the dormant partner liable. This action is brought alone upon the note, and there is no count upon the original debt. See 4 Sneed, 229; Lindley on Part., 326; 3 Kent, 80.
The judgment must be reversed.